UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-HC-2051-BR

| | |
|---|---|
| UNITED STATES of AMERICA, )<br>)<br>Petitioner, )<br>v. )<br>)<br>DAVID GLOSHAY, )<br>)<br>Respondent. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This case, brought under 18 U.S.C. § 4248 ("§ 4248"), is before the court on respondent's motion to transfer venue to the District of New Mexico (D.E. 24), pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"). It is supported by an incorporated memorandum. The government filed a response (D.E. 29) in opposition with an exhibit (D.E. 29-1), and respondent filed a reply (D.E. 30). The motion was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 4 Jan. 2011 docket entry). For the reasons stated below, it will be recommended that respondent's motion be denied.

## BACKGROUND

Respondent was convicted in the District of New Mexico of aggravated sexual abuse and sentenced to a 97-month term of imprisonment followed by a five-year term of supervised release. (*See, e.g.*, Mot. 1; Gov.'s Resp. 1). He was confined at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner") when the government commenced this case by filing a certification of respondent as a sexually dangerous person pursuant to § 4248 ("certification") on 16 April 2008, thirteen days prior to his scheduled release date. (Certification (D.E. 1-2) ¶ 2). The certification was made on behalf of the Director of the Federal Bureau of Prisons ("BOP"). (*Id.* ¶ 1).

## DISCUSSION

I.  **TIMELINESS OF MOTION**

The government challenges respondent's motion initially on the ground that it is untimely. (Gov.'s Resp. 2-5). As applied to this case, paragraph 3(a) of the Standing Order governing § 4248 cases, No. 10-SO-01 ("Standing Order"), established a deadline of 20 September 2010 for respondent to file any motion to transfer. He did not file such a motion by this deadline. Instead, at a status conference on 28 October 2010, over a month later, respondent's counsel indicated his intention to file a motion to transfer. On 3 November 2010, the court issued a Scheduling Order establishing a new deadline of 15 November 2010 for any transfer motion, but required that respondent demonstrate excusable neglect for seeking an extension after expiration of the 20 September 2010 deadline: "The memorandum supporting the motion shall include a showing of excusable neglect for seeking an extension after the deadline has passed, pursuant to Fed. R. Civ. P. 6(b)(1)(B)." (Sched. Order (D.E. 21) ¶ 1).

Respondent filed the present motion to transfer on 12 November 2010. But neither the motion nor its incorporated memorandum of law addresses the failure to seek an extension prior to expiration of the original deadline. Not surprisingly, the government pointed out this deficiency in its response to the motion. It was only then, in his reply, that respondent addressed the timeliness of his filings relating to transfer.

Although the explanation respondent provides is muddled, he appears to say that he missed the deadline for seeking an extension because he became confused about it as a result of the influx

2

of § 4248 cases into the Federal Public Defender's Office.[1] (Reply 2). This explanation does not, of course, establish excusable neglect. The court therefore deems his transfer motion untimely. Nonetheless, in its discretion, the court will consider the motion on the merits.

One final point raised by respondent in connection with the timeliness issue must be mentioned. Respondent states that he did not file a motion for transfer by the initial 20 September 2011 deadline because his counsel's ethical obligations required him to defer filing until he had received the government's initial disclosures and they were not provided until 5 October 2011. He goes on to make the remarkable statement that "[t]o the extent the standing order applicable to all § 4248 cases conflicts with an attorney's ethical obligations in a particular case, undersigned counsel respectfully submits that it is excusable for the attorney to file the motion consistent with the ethical obligations of a particular case." (Reply 1). Counsel appears to be arrogating to himself the option of simply disregarding the Standing Order and by implication court orders generally if in his judgment they conflict with his interpretation of his ethical obligations.[2] He has no such option. Here, if he believed he could not ethically file a transfer motion by 20 September 2011, the remedy was to seek an extension, not simply to ignore the order.

## II.   TRANSFER

As indicated, respondent contends that transfer to the District of New Mexico is required for

---

[1] The statement refers literally to respondent's having failed to file by 15 November 2010 a motion "requesting additional time and providing the reasons for excusable neglect noted in the reply." (Reply 2). The 15 November 2010 deadline established in the Scheduling Order was not, of course, for respondent to file a motion for additional time. The deadline was for a motion to transfer, which respondent did file by that date, albeit without including in it the explanation of excusable neglect that was required.

[2] In a similar vein, respondent refers to directives in the Scheduling Order as requests. (Reply 2 ("Mr. Gloshay did not, as this Court *requested*, file a motion by November 15, 2010 . . . . Undersigned counsel . . . did not comply with that *request*." (emphasis added)).

3

the convenience of the parties and witnesses and in the interest of justice under § 1404(a). That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The courts have identified eleven factors that should be considered in deciding whether to order transfer:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative ease of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

*Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93, 96 (W.D.N.C. 1990). "As a general proposition, the transfer of civil commitment cases is strongly disfavored." *See* 24 Oct. 2008 Order (D.E. 16) 2-3, *United States v. Shaw*, No. 5:07-HC-2214 (E.D.N.C.) (Britt, J.) ("*Shaw* Order") (denying motion for transfer where respondent convicted in Eastern District of California was in BOP custody at FCI-Butner when § 4248 certification was filed) (citing, *e.g.*, *United States v. Copley*, 25 F.3d 660, 662 (8th Cir. 1994)). The decision on transfer under § 1404(a) is within the court's discretion. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

Respondent contends that transfer of this case for convenience is necessary because, among other reasons, he is not a resident of North Carolina, no substantial part of the events which gave rise to the claim took place in North Carolina, and many of his potential witnesses, including his support

4

network, are located in New Mexico. Other arguments by respondent include the congestion of this court's § 4248 docket. In response, the government points to, among other considerations, the fact that the District of New Mexico does not have a suitable facility in which to house respondent, while this district does.

The court has analyzed the issue of transfer for the convenience of the parties and witnesses, assuming without deciding that this case could have been brought in the District of New Mexico within the meaning of § 1404(a) and applying the relevant factors[3] among those set out above. It concludes that a transfer for convenience is not warranted. The court finds specifically that the factors relied upon by respondent, including most notably the alleged availability of witnesses in New Mexico, do not overcome, among other considerations, the antipathy in the law against transfer of civil commitment cases and the status of FCI-Butner as the only facility in the country designated by BOP to confine individuals certified under § 4248 (Dec. of Karen L. Steinour (D.E. 29-1) ¶ 8). Moreover, the congestion of this court's § 4248 docket is not now an impediment to a prompt hearing for respondent; a hearing in this case has been set for 1 December 2011, one of the hearing dates proposed by the parties. (*See* D.E. 69, 70). As was true in *Shaw*, the facts and circumstances of this case are not so compelling as to merit the requested transfer. *See Shaw* Order 3-4; *cf.* 21 July 2008 Order (D.E. 20), *United States v. Clasby*, No. 5:07-HC-2212 (E.D.N.C.) (Britt, J.) (allowing motion for transfer to District of Massachusetts where, *e.g.*, there was then a federal facility housing other § 4248 respondents). The motion to transfer should accordingly be denied.

---

[3] The availability of a view and avoidance of unnecessary problems with the conflict of laws are not relevant. The enforceability of a judgment is essentially irrelevant because it would be the same in either venue.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that respondent's motion for transfer (D.E. 24) be DENIED.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 29 August 2011 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections is due no later than ten days from service of the objections or 8 September 2011, whichever is earlier.

SO ORDERED, this 22nd day of August 2011

James E. Gates
United States Magistrate Judge