UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-HC-2051-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| DAVID GLOSHAY | |

     This matter is before the court on the 23 August 2011 Memorandum and Recommendation ("M&R") (DE # 71) of Magistrate Judge James E. Gates regarding respondent's motion to transfer venue (DE # 24). Although the magistrate judge concluded that respondent's motion was untimely filed, he went on to consider the motion on the merits, and he recommends that the motion be denied. The magistrate judge set the deadline for the filing of any objections to the M&R as 29 August 2011, and no party has filed objections.

     The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. See 28 U.S.C. § 636(b)(1)(C); Local Civil Rule 72.4(b). Absent a specific and timely filed objection, the court reviews the magistrate judge's analysis only for "clear error," Diamond v. Colonial Life & Accident Insurance Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation and internal quotation marks omitted), and the court need not give any explanation for adopting the recommendations set forth in the M&R. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

     Here, the government seeks to commit respondent as a sexually dangerous person under

18 U.S.C. § 4248. Respondent has moved to transfer venue of this action to the District of New Mexico pursuant to 28 U.S.C. § 1404(a). He contends that transfer to the District of New Mexico is required for the convenience of the parties and witnesses and in the interest of justice under § 1404(a). As previously mentioned, the magistrate judge found that respondent's motion was untimely filed. He also found that "the factors relied upon by respondent, including most notably the alleged availability of witnesses in New Mexico, do not overcome, among other considerations, the antipathy in the law against transfer of civil commitment cases . . . ." (M&R, DE # 71, at 5.) The magistrate judge concluded that the facts and circumstances of this case are not so compelling as to merit the requested transfer.

The court finds no clear error in the analysis set forth in the M&R. As such, the court ADOPTS as its own the findings and recommendations of the magistrate judge (DE # 71). As recommended by the magistrate judge, respondent's motion to transfer venue (DE # 24) is DENIED.

This 31 August 2011.

W. Earl Britt
Senior U.S. District Judge